Judge Owsley
delivered the, opinion of the c-ourt.
This ejectment was brought by the appellant in the court below, to recover from the appellee a lot of ground.
To manifest his title, the appellant, in the progress of the trial in that court, introduced, as evidence, a deed, ex- *16 ccuted in 1815, by persons elected by the people of Fort» William as trustees for that year; whereupon, the jury returned a verdict in favor of the appellant, subject, liow-ver, to the opinion of the court, as to the right of the people to elect trustees for that town; and the court being of opinion the trustees were not legally elected, rendered judgment in favot of the appellee.
The people ot all towns to elect &h tnistces, un-fess such is restrained by positive statute.
Hardin for appellant, Widdijfc for appellee.
Whether, therefore, the people of Port-William could legally elect trustees is the only point now presented for consideration.
The town appears to have been established by a special act of the legislature in 1794* so that the enquiry turns upon the authority which trustees of such towns, and not those established under the general law on the subject of towns, may possess.
This question occurred formerly in the case of Chiles and Howard, and was then decided against the authority of the people to elect trustees; but, when that case was under consideration, an act of 1797 (1 Littell, 625) escaped the attention of the court, and, although deciding upon the operation of all other statutes, we should still entertain the opinion, that the decision there made is correct; yet, when taken in connection with that of 1797, we are constrained to depart from the authority of that case.
Under the laws, as we now understand them, therefore, we are 0f opinion, the people of Port-William and of all 0^ier towns, though established by special acts, unless otherwise provided for, have the right to elect trustees, and as such, the reserved point should have been decided ⅛ favor 0p tj,e appe]]ánt#
The judgment must, therefore, be reversed, with cost; the cause remanded, and judgment entered on the verdict in favor of the appellant.